IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01687-MSK-MEH

NORMAN RAY REED, JR.,

    Plaintiff,

v.

RUDY SWINGLE, in his official and professional capacities, and
NICHOLES, in his official and professional capacities,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to participate with Defendants in drafting a proposed scheduling order, failure to prosecute, and failure to respond to the this Court's October 26, 2012 Order to Show Cause. For the reasons set forth below, the Court RECOMMENDS this action be **dismissed without prejudice** and that Defendants' Motion to Dismiss [filed October 4, 2012; docket #30] be **denied as moot**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## BACKGROUND

Plaintiff initiated this action on June 26, 2012. On June 13, 2012, the Court issued a minute order setting a scheduling/status Conference for October 2, 2012. In accordance with this order, counsel for Defendants and Plaintiff appeared before the Court on October 2, 2012, to discuss scheduling and related matters. During that time, the Court directed Plaintiff to participate with counsel for the Defendants in preparing a proposed scheduling order. Plaintiff agreed to mail his contributions to Defendants' counsel no later than October 6, 2012.

On October 25, 2012, the Court received Defendants' Notice to the Court Regarding Proposed Scheduling Order ("Defendants' Notice"). (Docket #34.) Defendants' Notice represents that Defendants have not received anything in the mail from Plaintiff and have been unable to reach Plaintiff by telephone. On at least five separate dates, Defendants' counsel attempted to call Plaintiff at his telephone number of record to discuss the proposed scheduling order. Though there was no answer, counsel left a voicemail each time. On one occasion, counsel also left a message with a woman who claimed to be Plaintiff's mother. The woman indicated that she would inform Plaintiff of counsel's call. As of this date, Plaintiff has failed to return any of counsel's messages and has not otherwise contacted counsel in writing.

In the light of representations contained in the Defendants' Notice and Plaintiff's apparent failure to prosecute this action, the Court ordered Plaintiff to show cause in writing no later than November 2, 2012**,** why this Court should not sanction Plaintiff for failure to comply with the Court's orders and failure to prosecute this action. (Docket #36.) The Court admonished Plaintiff that failure to comply with this order would result in a recommendation of dismissal without further notice. (*Id*. at 2.) As of this date, Plaintiff has not responded to the Court's order nor sought any

extension of time within which to do so.

In addition to the October 26, 2012 Order to Show Cause, the Court also ordered Plaintiff to file a response to Defendants' Motion to Dismiss on or before October 29, 2012. (Docket #33.) Plaintiff has similarly failed to comply with this order or to seek additional time as needed.

## DISCUSSION

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. The Court ordered Plaintiff to participate with Defendants in drafting a proposed order; however, Plaintiff has been entirely unreachable by phone or mail. Additionally, Plaintiff has failed to respond to the Court's Order to Show Cause and to Defendants' Motion to Dismiss. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Hawkinson v. Montoya*, No. 07-1377, 2008 WL 2635573, at *2 n.2 (10th Cir. July 7, 2008) (citing *Rogers v.*

*Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).

When evaluating grounds for dismissal of an action, the Court looks to the following *Ehrenhaus* factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, Plaintiff's failure to participate with Defendants in preparing a proposed scheduling order adversely impacted Defendants by preventing the Court from issuing a scheduling order and delaying Defendants' ability to conduct discovery and defend claims raised against them. Also, Plaintiff's failure to respond to Defendants' Motion to Dismiss impedes the Court's ability to review both parties' pleadings and reach a fair and just conclusion concerning Plaintiff's claims. Additionally, the necessity in issuing an Order to Show Cause increases the workload of the Court and interferes with the administration of justice. Plaintiff's non-compliance with the judicial process by failing to participate in the prosecution of this case and failing to comply with the Court's orders flouts the Court's authority in satisfaction of the second factor, similar to the Tenth Circuit's determination in *Ehrenhaus*.

In evaluating the third factor, the Court expressly ordered Plaintiff to respond to the Order to Show Cause and to Defendants' Motion to Dismiss. The record of Plaintiff's failures to respond and participate in the litigation leads the Court to believe Plaintiff is culpable under these circumstances. Furthermore, the Court's Order to Show Cause explicitly warned Plaintiff that failure to respond would result in a recommendation of dismissal without further notice. Thus, the fourth factor is satisfied.

In consideration of the fifth factor regarding efficacy of lesser sanctions, the Court recommends dismissal without prejudice. Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness); *see also Cosby*, 351 F.3d at 1334 (stating, "We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Plaintiff has failed to prosecute this case with due diligence by his failure to participate with Defendants in preparing a proposed scheduling order, failure to comply with the October 18, 2012, order instructing him to submit a response to Defendants' Motion to Dismiss, and failure to respond to the Court's October 26, 2012 Order to Show Cause or to properly request an extension of time within which to respond if he was unable to do so in a timely fashion. For these reasons, dismissal without prejudice of this action is warranted.

## CONCLUSION

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I hereby RECOMMEND that the District Court dismiss this case without prejudice for Plaintiff's failure to prosecute this action and for Plaintiff's failure to comply with the Court's orders. Accordingly, the Court also RECOMMENDS that Defendants' Motion to Dismiss [filed October 4, 2012; docket #30] be **denied as moot**.

Dated this 8th day of November, 2012, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge